IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAURA B. WILSON                                                                                         PLAINTIFF

v.                                            Case No. 2:14-CV-02206

CAROLYN B. COLVIN, Commissioner
Social Security Administration                                                                         DEFENDANT

### ORDER

Currently before the Court are the findings and recommendations (Doc. 13) of the Honorable Barry A. Bryant, Chief United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Plaintiff's objections (Doc. 14).

Plaintiff's objections did not contain any reference to the Magistrate's report, and so did not contain specific objections to the Magistrate's findings. Specific objections are necessary to focus the Court's review and aid the Court in identifying any specific alleged errors. Objections are not meant to be an opportunity for a party to re-brief its case. However, where the Court could construe objections that specifically addressed a finding by the Magistrate, the Court reviewed the record *de novo* as to those objections. *See Belk v. Purkett*, 15 F.3d 803 (8th Cir. 1994) (while emphasizing the necessity of *de novo* review, indicating that lack of specificity may be an appropriate basis for denying *de novo* review in cases involving extensive records, which would make it difficult to focus upon any alleged errors if insufficiently directed by the parties); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added)); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) ("providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial

-1-

process"). In all other respects, the Magistrate's report was reviewed for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed and the time for filing objections has expired, the district court should review findings of the magistrate for clear error). Having conducted such review, the Court finds that Plaintiff's objections offer neither law nor fact requiring departure from the findings and recommendations of the Magistrate.

Plaintiff's first objection is that the ALJ did not properly address listing 12.10 (for autism) and satisfactorily explain why it was not met or equaled. Plaintiff made this argument in her appeal brief. The Magistrate addressed the argument in his report at length, concluding there was no basis for reversal. Plaintiff does not specifically object to any of the Magistrate's reasoning or findings, and instead restates her original arguments. Having reviewed the record, the Court finds the Magistrate's reasoning on this point to be sound, and overrules Plaintiff's objection.

Plaintiff's second objection is that the RFC finding is contrary to the evidence and fails to first determine Plaintiff's credibility. Again, the Magistrate addressed Plaintiff's arguments as to the inadequacy of the RFC in his report and found that there was substantial evidence in the record to support the ALJ's RFC findings. The Court agrees with Magistrate's reasoning and overrules Plaintiff's general objection as to the RFC determination.

As to the objection that the ALJ did not appropriately determine Plaintiff's credibility, the Court finds no grounds for reversal. Plaintiff argues that the ALJ improperly failed to make credibility determinations prior to determining her RFC. This argument that "credibility should be used to determine a claimant's RFC, rather than using RFC to gauge credibility" has been rejected by the Eighth Circuit as "an argument concerning semantics and nothing more." *Kamann v. Colvin*, 721 F.3d 945, 952 (8th Cir. 2013). In this case the ALJ did address Plaintiff's credibility before providing a narrative explanation of the medical evidence, all under the RFC header stating his

finding. (Tr. 23 - 29). The ALJ listed numerous reasons upon which he based his finding that "the claimant is not as limited as alleged," (Tr. 25-26), taking into account all relevant factors including Plaintiff's previous work history; daily activities; nature, frequency, persistence and limiting effects of her impairments; effectiveness of medications; and functional restrictions. It is clear that the ALJ made a credibility determination before developing Plaintiff's RFC, even if there was not an explicit recitation of the factors to be considered. *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011) ("ALJs need not explicitly discuss each *Polaski* [credibility] factor."). Having reviewed the record, the Court finds that Plaintiff's argument as to the ALJ's determination of Plaintiff's credibility does not warrant reversal. The objection is overruled.

  Plaintiff's third objection is that the ALJ erred in finding Plaintiff able to perform her past relevant work. In both this context and the context of the adequacy of the RFC, Plaintiff argues that the ALJ failed to include specific and substantial limitations that were supported by the record (i.e. significant weakness in attending and concentrating). Plaintiff argues that her limitations were never fully understood, and so the determination that Plaintiff retained the requisite functional capacity to perform past relevant work was based on that flawed understanding. The ALJ found that Plaintiff was limited to "work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved and the supervision required is simple direct and concrete." (Tr. 23). The hypothetical posed to the vocational expert at the administrative hearing included the same limitations contained in the RFC. (Tr. 76). The description of limitations in both the RFC and hypothetical is sufficient to account for Plaintiff's functional limitations that are supported by the record, and the description adequately captures her mental limitations. *See, e.g.*, *Hulsey v. Astrue*, 622 F.3d 917, 925 (8th Cir. 2010) ("ALJ's hypothetical, which limited [Plaintiff] to 'work of an unskilled nature involving only

superficial interpersonal contact,' adequately described the consequences of [Plaintiff's] mental impairments," including borderline intellectual functioning."); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) ("while the hypothetical question [posed to a vocational expert] must set forth all the claimant's impairments, it need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments." (quotation omitted)); *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (holding that hypothetical including the "ability to do only simple routine repetitive work, which does not require close attention to detail" sufficiently describes deficiencies of concentration, persistence, or pace). Because, the Court does not find that the ALJ's RFC determination or hypothetical posed to the vocational expert were fatally flawed, the Court overrules Plaintiff's objection that she should not have been found able to perform her past relevant work.

Accordingly, the Court finds that the Magistrates report (Doc. 13) is proper and should be and hereby is ADOPTED IN ITS ENTIRETY.

Judgment will be entered accordingly.

IT IS SO ORDERED this 1st day of July, 2015.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE